**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CARLA REICHLIN,** | ) | |
| **individually and on behalf of all those** | ) | |
| **similarly-situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:** |
| | ) | |
| **v.** | ) | |
| | ) | **COLLECTIVE ACTION** |
| **MEDIX STAFFING SOLUTIONS, INC.** | ) | **COMPLAINT** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

Plaintiff Carla Reichlin, individually and on behalf of all others similarly situated, by and through undersigned counsel, alleges as follows:

**PRELIMINARY STATEMENT**

1.      This action seeks to recover unpaid overtime compensation for Plaintiff and similarly situated employees who have worked for Defendant Medix Staffing Solutions, Inc. ("Defendants" or "Medix") in the United States as exempt-classified credentialed trainers, however variously titled.

2.      Plaintiff brings this action to recover unpaid overtime compensation for herself and similarly situated employees as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. for failing to pay Plaintiffs overtime wages owed in violation of the FLSA.

**JURISDICTION AND VENUE**

3.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because Plaintiff has asserted a claim pursuant to the FLSA.

4.      Venue is proper in this Court because Defendant resides in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### *Plaintiff*

5.      Plaintiff Carla Reichlin is an adult resident of Elyria, Ohio.  From approximately October 2015 through February 2017, Ms. Reichlin worked as a credentialed trainer for Defendant and was not paid overtime compensation for all hours worked in excess of 40 each workweek even though she regularly worked more than 40 hours per workweek.

6.      At all relevant times, as employees of Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207.

### *Defendant*

7.      Defendant Medix Staffing Solutions, Inc. is an Illinois company with its principal place of business in Chicago.   Medix Staffing Solutions is a staffing services company which recruits and places employees into positions within various industries, including healthcare.

8.      At all relevant times, Medix was an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s).

9.      At all relevant times, Medix has employed two or more persons, including Plaintiff, "engaged in commerce or in the production of goods for commerce," as defined in § 203(s)(1)(A)(i).

10.      At all relevant times, Medix achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

11.      Defendant issued paychecks to Plaintiff and all similarly situated employees during their employment.

12.     Defendant directed the work of Plaintiff and similarly situated employees and benefited from work performed that Defendant suffered or permitted from them.

13.     Defendant misclassified Plaintiff and similarly situated employees as exempt employees and did not pay them proper overtime wages for all hours they worked for Defendant's benefit in excess of 40 hours in a workweek.

## FACTUAL ALLEGATIONS

14.     Plaintiffs and other credentialed trainers who worked for Defendant were IT technicians whose job was to travel to medical facilities to train Defendant's clients and their staff on software applications and to provide IT support.

15.     At all relevant times, Plaintiff and other credentialed trainers were classified by Defendant as exempt under the FLSA and were not paid overtime at a rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

16.     Defendant tracked Plaintiff's and other credentialed trainers' hours worked by requiring them to electronically submit weekly time sheets and recorded their hours worked on weekly earnings statements.

17.     Defendant instructed Plaintiff and other credentialed trainers not to include travel time on their time sheets.

18.     During the relevant time period, Plaintiff and other credentialed trainers regularly worked more than 40 hours per week and were paid their regular rate for all hours worked. Plaintiff and other credentialed trainers did not receive overtime pay at a rate of one and one-half times their regular rate of pay for hours worked over 40 in a workweek.

19.     Despite being classified as exempt, credentialed trainers' primary duties did not consist of computer systems analysis, programming or software engineering.

20.     Despite being classified as exempt, credentialed trainers' primary duties did not consist of the performance of office or non-manual work directly related to the management or general business operations of Defendant or Defendant's customers and did not include the exercise of discretion and independent judgment with respect to matters of significance.

21.     Through its unlawful actions, Defendant has deprived credentialed trainers of overtime wages owed to them.

22.     Defendant acted willfully in failing to pay overtime compensation to credentialed trainers for all hours worked over 40 in a workweek.  Defendant knew or should have known that credentialed trainers were non-exempt and that they should have been paid overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

23.     Pursuant to 29 U.S.C. § 216(b), Plaintiff brings her FLSA claims on behalf of all similarly situated individuals who have worked for Defendant in the United States as credentialed trainers (however titled), have not received overtime wages owed to them during the three-year period prior to the filing of the Complaint, and who may choose to "opt in" to this case under the FLSA, 29 U.S.C. § 216(b) (the "FLSA Collective").

24.     The claims under the FLSA meet the requirements for collective action certification set forth in 29 U.S.C. § 216(b).

25.     Medix has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint, and Medix's failure to comply with the FLSA was willful, knowing and in reckless disregard of the law.

26.     All potential opt-in plaintiffs are similarly situated as to these claims, because they all were employed by Medix as credentialed trainers, primarily performed the same or similar job duties, were all classified by Medix as exempt under the FLSA and not paid overtime wages at a rate of one and one-half times their regular rate of pay for hours over 40 worked in a workweek, and Medix's compensation practices are uniform as to all potential opt-in plaintiffs and result in the alleged violation of the FLSA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

27.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Carla Reichlin consents to sue as a plaintiff under the Fair Labor Standards Act.   Ms. Reichlin's consent to sue form is attached to this Complaint as "Exhibit 1."

## COUNT I - FAIR LABOR STANDARDS ACT

28.     Plaintiff re-alleges and incorporate by reference Paragraphs 1-25 as if alleged fully herein.

29.     As set forth above, Defendant's failure to pay overtime compensation to employees who have worked for Defendant as credentialed trainers and have not received overtime wages at a rate of one and one-half times their regular rate of pay owed to them during the three-year period preceding the filing of this Complaint violates the Fair Labor Standards Act, 29 U.S.C. § 207.  This claim is brought by the named Plaintiffs on behalf of herself and all other similarly situated employees pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

30.     Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A.  Authorization to notify similarly situated employees of their right to opt in to this action under 29 U.S.C. § 216(b);

B.  An award of all damages for unpaid overtime compensation that are due to Plaintiff and all similarly situated employees under the FLSA;

C.  An award of liquidated damages pursuant to 29 U.S.C. § 216(b);

D.  A finding that Defendant's violations of the FLSA have been willful and that, therefore, the statute of limitations for the FLSA claim is three years;

E.  A reasonable incentive awards for the named Plaintiff to compensate her for her service on behalf of members of the proposed collective,

F.  Attorneys' fees and costs;

G.  Pre- and post-interest; and

H.  Any other relief to which Plaintiff and similarly situated individuals may be entitled.

Dated: February 1, 2018                                 Respectfully submitted,

                                                        */s/ Sergei Lemberg, Esq.*
                                                        Sergei Lemberg, Esq.
                                                        Tamra Givens, Esq.
                                                        *(To Be Admitted Pro Hac Vice)*
                                                        LEMBERG LAW, L.L.C.
                                                        43 Danbury Road, 3rd Floor
                                                        Wilton, CT 06897
                                                        Telephone: (203) 653-2250
                                                        Facsimile: (203) 653-3424
                                                        slemberg@lemberglaw.com
                                                        tgivens@lemberglaw.com
                                                        *Attorneys for Plaintiffs*